UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

THE PETITION OF PARADISE
FAMILY, LLC, AS OWNER, AND
ANOTHER DAY IN PARADISE BOAT
CLUB, LLC, AS OWNER PRO      Case. No. 8:24-cv-1161-KKM-UAM
HAC VICE, OF THE 2020 22'
BENNINGTON PONTOON M/V
AIDEN'S ARRIVAL (HIN:
ETWJ2237B020)

    Petitioner.
_____/

## ORDER

Petitioners filed this admiralty action, seeking exoneration from, or limitation of, liability for an October 18, 2020 boating accident. Am. Petition (Doc. 11). Pending before me is Petitioners' motion seeking approval of an *ad interim* stipulation, issuance of a monition, and entry of an injunction (Doc. 3).[1] I find that Petitioners' *ad interim* stipulation is not "approved security," and deny the motion without prejudice.

---

[1] A Magistrate Judge may rule on this motion pursuant to this Court's Administrative Order on the Authority of United States Magistrate Judges in the Middle District of Florida. *In re: Authority of United States Magistrate Judges in the Middle District of Florida*, Case No. 8:20-mc-100-T-23, Doc. 3 at (e)(7)(iii)–(iv) (October 29, 2020).

## Legal Context

The Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., allows a vessel owner to limit liability for damage or injury that occurs without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel. 46 U.S.C. § 30529; *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019). The procedures for seeking exoneration from or limitation of liability for damage are governed by both the Limitation of Liability Act and Supplemental Rule F of the Supplemental Rules for certain Admiralty and Maritime claims.

Under Supplemental Rule F(1), "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint[2] in the appropriate district court . . . for limitation of liability pursuant to statute." Suppl. R. F(1). Supplemental Rule F(1) also requires the vessel owner to deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or deposit approved security therefor" as well as "security for costs and, if [it] elects to give security, for interest at the rate of 6 percent per annum from the date of the security." *Id*.

---

[2] The Court previously questioned whether Plaintiff's Petition sufficed as a complaint under Supplemental Rule F, and whether it was timely filed. Doc. 9. In response, Petitioners filed an Amended Petition that meets the requirements of Supplemental Rule F(1) and contains facts demonstrating its timeliness. Doc. 11.

Once a vessel owner, that is, the petitioner in a Limitation of Liability Action, complies with Supplemental Rule F(1) by timely filing the complaint and making the deposit with the court, the Limitation of Liability Act and the Supplemental Rules require a court to take two actions. First, the court must issue a stay in all other claims and proceedings against the owner that are related to the incident involving the vessel at issue in the Limitation of Liability Action. *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014) (citing 46 U.S.C. § 30511). Second, a court must "issue a notice to all persons asserting related claims, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Supp. R. F(4).

Petitioners ask the Court to notice potential claimants and stay related proceedings without requiring Petitioners to deposit into the Court's registry the "value of [their] interest in the vessel." *See* Doc. 3. Instead, Petitioners seek leave to provide as an alternative "approved security" an "*Ad Interim* Stipulation" (Doc. 2). The "*Ad Interim* Stipulation" is a document in which Petitioners declare the value of the vessel at the time of the accident and agree that they will deposit or post a bond for that amount, plus interest, into the Court's registry at a later time, if a claimant or the Court so demands it. *Id.* The stipulation is temporary (*ad interim*) such that, if a claimant later

3

challenges the value of the vessel, the Court can order an appraisal to establish the value of the vessel. *Id.* Petitioners ask that the Court approve their *ad interim* stipulation, stay related proceedings, and issue notice to potential claimants. Doc. 3.

## The Stipulation

Section 30511 of the Limitation of Liability Act and Supplemental Rule F require a petitioner to provide security before commencing a Limitation of Liability Action. That security may be "a sum equal to the amount or value of the owner's interest in the vessel and pending freight" or an alternative "approved security." Supp. R. F(1). Ultimately, "[t]he court possesses great discretion in determining just what constitutes appropriate security." *Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268 n. 4 (W.D. La. 1991) (citing *Complaint of Kingston Shipping Co.*, 1982 A.M.C. 134 (M.D. Fla. 1981), *aff'd* 667 F.2d 34 (11th Cir. 1982)); *see also Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *1 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir. 1999) ("The Court has an absolute right to determine what constitutes approved security" (citation and internal quotation marks omitted)).

One generally "approved security" is a vessel owner's statement of the value of the vessel and agreement to be liable for the vessel's value, backed up by an assurance from the vessel's insurer that it will pay the stated value; this

4

package is known as a "stipulation." *See Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody."). "[A] stipulation is generally accepted as security if backed up by insurance covering the vessel's potential liabilities." 29-708 Moore's Fed. Prac.—Civ. § 708; *see also* 3 Benedict on Admiralty § 14, at 2–12 (7th ed. 2008) ("If the ship is still useful to [the shipowner], and he desires to keep her in operation, he will have her appraised and furnish the court with a[ ]stipulation [backed up by an insurance company] or pay the cash value for which the ship is appraised, plus freight.").

Accordingly, courts have held that a petitioner's stipulation, coupled with a letter of undertaking executed by the insurer (meaning a letter in which the insurer promises to pay the value of the vessel), qualifies as sufficient security. *See, e.g., Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294, n. 4 (9th Cir. 1997) (holding that the defendants' "letter of undertaking, which remains in effect, is sufficient to perfect in rem jurisdiction in the absence of the ship's arrest"); *Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *2 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir.

1999) (ordering shipowner to provide additional security because the court "ha[d] concerns about the stability and reliability of the current letter of undertaking proffered by Ocean Marine [Mutual Protection & Indemnity Association, Ltd.]"); *Matter of Compania Naviera Marasia S. A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979) (discussing practice, in connection with ad interim stipulations, of "accept[ing] letters of undertakings given by underwriters . . . in order to avoid the detention of vessels and the expense of posting security in other forms").

Here, Petitioners state that they "wish to provide an *Ad Interim* Stipulation for the insured value of the Vessel, which was $21,744.00, together with costs and interest at six percent (6%) per annum . . . as security for all those who may file claims herein." Doc. 2 at 2. Petitioners additionally attach to their Complaint a "Declaration of Value" in which non-party Freedom Boat Club, LLC's Director of Accounting claims to have personal knowledge of the value of the vessel, and estimates the value of the vessel during the October 18, 2020 boating accident to be $21,744.00. Doc. 11-1.

Significantly, Petitioners' *ad interim* stipulation suggests the vessel was insured, but does not identify the insurance company. In addition, the Petitioners have not provided the Court with a letter of undertaking from the insurer guaranteeing payment (i.e., a letter in which the insurer promises to pay the insured value of the vessel). Courts have rejected *ad interim*

6

stipulations that do not attach letters of undertaking, for fear that they do not provide sufficient security to potential claimants. *See, e.g., Matter of Complaint of Cannons Marina, Inc.*, No. 8:19-CV-1781-T-02CPT, 2019 WL 13245180, at *2 (M.D. Fla. Aug. 22, 2019) (Absent identifying an insurer and filing a letter of undertaking, "the Court is not persuaded that the *Ad Interim* Stipulation . . . will protect claimants in the manner contemplated by the Act and the Supplemental Rules."); *In re Hollis B. Corp.*, No. CV 2016-14, 2016 WL 8732310, at *6 (D.V.I. Sept. 30, 2016) ("Because Hollis has failed to provide a letter of undertaking executed by an appropriate [insurer], and because Hollis purports to limit its obligation to pay pursuant to the terms of its insurance policy, the Court holds that the *ad interim* stipulation is not "approved security.").

Because the Petitioners lack a letter of undertaking from the insurer guaranteeing payment, I find that their proposed *ad interim* stipulation is not an "approved security" under Supplemental Rule F(1).

## Conclusion

Accordingly, I DENY WITHOUT PREJUDICE the Petitioners' motion for entry of an *ad interim* stipulation and issuance of a monition and an injunction. (Doc. 3).

ORDERED on June 14, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge