UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

THE PETITION OF PARADISE
FAMILY, LLC, AS OWNER, AND
ANOTHER DAY IN PARADISE BOAT
CLUB, LLC, AS OWNER PRO              Case. No. 8:24-cv-1161-KKM-UAM
HAC VICE, OF THE 2020 22'
BENNINGTON PONTOON M/V
AIDEN'S ARRIVAL (HIN:
ETWJ2237B020)

        Petitioner.
_____/

## ORDER

Petitioners filed this admiralty action, seeking exoneration from, or limitation of, liability for an October 18, 2020 boating accident. Am. Petition (Doc. 11). Pending before me is Petitioners' amended motion seeking approval of an amended *ad interim* stipulation, issuance of a monition, and entry of an injunction (Doc. 15).[1] I grant the motion.

---

[1] A Magistrate Judge may rule on this motion pursuant to this Court's Administrative Order on the Authority of United States Magistrate Judges in the Middle District of Florida. *In re: Authority of United States Magistrate Judges in the Middle District of Florida*, Case No. 8:20-mc-100-T-23, Doc. 3 at (e)(7)(iii)–(iv) (October 29, 2020)

## Legal Context

The Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., allows a vessel owner to limit— to the value of the vessel or the owner's interest in the vessel—the owner's liability for damage or injury that occurs without the owner's privity or knowledge. 46 U.S.C. § 30529; *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019). The procedures for seeking exoneration from or limitation of liability for damage are governed by both the Limitation of Liability Act and Supplemental Rule F of the Supplemental Rules for certain Admiralty and Maritime claims.

Under Supplemental Rule F(1), "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint[2] in the appropriate district court . . . for limitation of liability pursuant to statute." Suppl. R. F(1). Supplemental Rule F(1) also requires the vessel owner to deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or deposit approved security therefor," as well as "security for costs and, if [it] elects to give security, for interest at the rate of 6 percent per annum from the date of the security." *Id.*

---

[2] The Court previously questioned whether Plaintiff's Petition sufficed as a complaint under Supplemental Rule F, and whether it was timely filed. Doc. 9. In response, Petitioners filed an Amended Petition that meets the requirements of Supplemental Rule F(2) and contains facts demonstrating its timeliness. Doc. 11.

2

Once a vessel owner, that is, the petitioner in a Limitation of Liability Action, complies with Supplemental Rule F(1) by timely filing the complaint and making the deposit with the court, the Limitation of Liability Act and the Supplemental Rules require a court to take two actions. First, the court must issue a stay in all other claims and proceedings against the owner that are related to the incident involving the vessel at issue in the Limitation of Liability Action. *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014) (citing 46 U.S.C. § 30511). Second, a court must "issue a notice to all persons asserting related claims, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Supp. R. F(4). This notice is also known as a monition.

Petitioners ask the Court to notice potential claimants and stay related proceedings without requiring Petitioners to deposit into the Court's registry the "value of [their] interest in the vessel." *See* Doc. 15. Instead, Petitioners seek leave to provide as an alternative "approved security" an "*Ad Interim* Stipulation" (Doc. 14). The "*Ad Interim* Stipulation" is a document in which Petitioners declare the value of the vessel at the time of the accident and agree that they will deposit or post a bond for that amount, plus interest, into the Court's registry later, if a claimant or the Court so demands it. *Id.* The stipulation is temporary (*ad interim*) such that, if a claimant later challenges

the value of the vessel, the Court can order an appraisal to establish the value of the vessel. *Id.* Petitioners ask that the Court approve their amended *ad interim* stipulation, stay related proceedings, and issue notice to potential claimants admonishing the claimants to file claims with the Court no later than August 16, 2024. Doc. 15.

## The Stipulation

Supplemental Rule F and Section 30511 of the Limitation of Liability Act require a petitioner to provide security at the commencement of a Limitation of Liability Action. That security may be "a sum equal to the amount or value of the owner's interest in the vessel and pending freight" or an alternative "approved security." Supp. R. F(1). Ultimately, "[t]he court possesses great discretion in determining just what constitutes appropriate security." *Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268 n. 4 (W.D. La. 1991) (citing *Complaint of Kingston Shipping Co.*, 1982 A.M.C. 134 (M.D. Fla. 1981), *aff'd* 667 F.2d 34 (11th Cir. 1982)); *see also Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *1 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir. 1999) ("The Court has an absolute right to determine what constitutes approved security" (citation and internal quotation marks omitted)).

One generally "approved security" is a vessel owner's statement of the value of the vessel and agreement to be liable for the vessel's value, backed up

by an assurance from the vessel's insurer that it will pay the stated value; this package is known as a "stipulation." *See Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody."). "[A] stipulation is generally accepted as security if backed up by insurance covering the vessel's potential liabilities." 29-708 Moore's Fed. Prac.—Civ. § 708; *see also* 3 Benedict on Admiralty § 14, at 2–12 (7th ed. 2008) ("If the ship is still useful to [the shipowner], and he desires to keep her in operation, he will have her appraised and furnish the court with a[ ]stipulation [backed up by an insurance company] or pay the cash value for which the ship is appraised, plus freight.").

Accordingly, courts have held that a petitioner's stipulation, coupled with a letter of undertaking executed by the insurer (meaning a letter in which the insurer promises to pay the value of the vessel), qualifies as sufficient security. *See, e.g., Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294, n. 4 (9th Cir. 1997) (holding that the defendants' "letter of undertaking, which remains in effect, is sufficient to perfect in rem jurisdiction in the absence of the ship's arrest"); *Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL

713396, at *2 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir. 1999) (ordering shipowner to provide additional security because the court "ha[d] concerns about the stability and reliability of the current letter of undertaking proffered by Ocean Marine [Mutual Protection & Indemnity Association, Ltd.]"); *Matter of Compania Naviera Marasia S. A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979) (discussing practice, in connection with ad interim stipulations, of "accept[ing] letters of undertakings given by underwriters . . . in order to avoid the detention of vessels and the expense of posting security in other forms").

Here, Petitioners state that they "wish to provide an *Ad Interim* Stipulation for the insured value of the Vessel, which was $21,744.00, together with costs and interest at six percent (6%) per annum . . . as security for all those who may file claims herein." Doc. 14 at 2. Petitioners additionally attach to their Complaint a "Declaration of Value" in which non-party Freedom Boat Club, LLC's Director of Accounting claims to have personal knowledge of the value of the vessel, and estimates the value of the vessel during the October 18, 2020 boating accident to be $21,744.00. Doc. 11-1. And, they provide a

Letter of Undertaking[3] from their insurer, Federal Insurance Company ("Chubb"), promising to pay the value of the vessel. Doc. 14-1.

Because the Petitioners provide a statement of the value of the Vessel and agreement to be liable for the Vessel's value, backed up by an assurance from the Vessel's insurer guaranteeing payment, I find that their proposed *ad interim* stipulation is an "approved security" under Supplemental Rule F(1).

## Monition

Again, once a vessel owner complies with Supplemental Rule F(1) by timely filing the complaint and making the deposit with the court, the Limitation of Liability Act and the Supplemental Rules require a court to issue a monition, which is an admonishment that all claimants file their claims against the petitioners in this action rather than in separate individual proceedings. The notice procedures for a monition are as follows:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to

---

[3] The Court found a previous *ad interim* stipulation was not "approved security" because it was not accompanied by such a letter of undertaking. Doc. 13.

7

every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Supp. Rule F(4).

Here, the Petitioners propose a monition (Doc. 15-1) and procedures (Doc. 15-3) that meet these requirements. The monition provides identifying information about the Vessel, as well as the date and location of the incident for which Petitioners seek liability, such that potential claimants are on notice. Doc. 15-1. It admonishes, "Any and all persons or corporations claiming damage for any and all losses, destruction or damage arising from, or relating to, the matters set forth in the Complaint shall file their claims with the Clerk of the United States District Court for the Middle District of Florida, 801 North Florida Avenue Tampa, Florida 33602, and serve on or mail to the Petitioner's attorneys, Jules V. Massee Esq. and Jaimie M. Carlson, Esq., of Hamilton, Miller & Birthisel, LLP, 100 S. Ashley Dr., Suite 1210, Tampa, FL 33602, Tel: (813) 223-1900, Fax: (813) 223-1933, a copy thereof on or before August 16, 2024." *Id.* at 2. August 16, 2024, is more than 30 days from today.

Petitioners propose to publish notice of the monition for four successive weeks in the Tampa Bay Times prior to August 16, 2024. Doc. 15-3 at 3. Such publication meets the requirements of both Supplemental Rule F(4), which

directs that the publication occur once a week for four successive weeks, and Rule 1(e) of this Court's Admiralty and Maritime Practice Manual, which requires that the notice be published in the newspaper of largest circulation in the county in which the action is pending. Petitioners also agree to mail a copy of the notice to every person known to have made any claim against the Vessel or Petitioners concerning the relevant voyage and incident, no later than the date of second publication, as is required by Supplemental Rule F(4). Doc. 15-3 at 3.

Accordingly, I approve the proposed monition (Doc. 15-1) and notice procedures outlined by Petitioners.

## Stay

Finally, Supplemental Rule F(3) provides that, after a vessel owner complies with Supplemental Rule F(1), "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Thus, once the vessel owner asks a court to do so, "the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supp. R. F(3).

Having found that Petitioners satisfied Supplemental Rule F(1) by filing an Amended Petition that meets the requirements of a complaint, as defined by Supplemental Rule F(2), and by depositing approved security in the form of

the *ad interim* stipulation, and Petitioners having requested a stay (Doc. 15), I find a stay is required by Supplemental Rule F(3).

## Conclusion

For the reasons stated, it is hereby ORDERED:

1.      The Amended *Ad Interim* Stipulation (Doc. 14) is ACCEPTED as temporary "approved security" under Supplemental Rule F(1). A Claimant may challenge the value of the Vessel by moving the Court for an appraisal to establish its value.

2.      The Clerk is DIRECTED to issue the Monition proposed by the Plaintiff at Doc 15-1. Petitioners shall give public notice of the Monition by publishing it in the Tampa Bay Times once a week for four successive weeks prior to August 16, 2024. Petitioners shall also mail, no later than the date of the second weekly publication, to every person or corporation known by Petitioners to have a claim against Petitioners arising out of the incident set forth in the Amended Petition. *See* Supp. Rule F(4).

3.      The commencement or further prosecution of any action, suit or proceeding in any court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, relating to any claim arising out of, or connected with the incident set forth in the Amended

Complaint are STAYED AND RESTRAINED until the final determination of this proceeding. *See* Supp. Rule F(3).

ORDERED in Tampa, Florida on July 11, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge